UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| NETGEAR INC. | § § § | |
| Plaintiff, | § | |
| v. | § § | Court No.: 22-cv-00129 |
| UNITED STATES, | § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, Netgear Inc. ("Netgear"), appears by its attorneys, Law Offices of George R. Tuttle, A.P.C., and alleges as follows:

### Counts 1 through 19

1.    This action is commenced pursuant to 28 U.S.C. § 1581(a) to contest the denial of a protest filed pursuant to 19 U.S.C. § 1514, concerning the classification, value, rate of duty and liquidation of the merchandise described below.

2.    As the importer and party filing the protest, Plaintiff has standing under 28 U.S.C. § 2631(a) to bring this action.

3.    The protest set forth on the Summons filed herein was timely filed.

4.    The protest set forth on the Summons filed herein was denied on October 25, 2021.

5.    The Summons was timely filed, and all liquidated duties have been paid.

6. The imported merchandise in issue is described, on entry 113-8841055-4 of 05/06/2020, as 81D69N31.G09 LTE ROUTER, D69N3, 107-11387-01 MR1100-2A1NAS, PN# 107-11387-01 MR1100-2A1NAS (hereinafter "LTE routers").

7. At liquidation of entry 113-8841055-4, the LTE routers were classified under subheading 8517.62.0020 of the Harmonized Tariff Schedule of the United States (HTSUS), as:

> " [o]ther apparatus for transmission or caption of voice, images or other data, including apparatus for communication in a wired or wireless network (such as a local or wide are network): [m]achines for the reception, conversion and transmission or regeneration of voice, images or other data, including switching and routing apparatus: [s]witching and routing apparatus."

8. At liquidation of entry 113-8841055-4, the LTE routers were classified under subheading 9903.88.04 of the HTSUS, as products of China, and assessed Section 301 duties at the rate of 25% ad valorem.

9. The declared value of the LTE routers under entry 113-8841055-4 was $529,863.00.

10. The total Section 301 tariffs paid at the time of importation was $132,465.75.

11. The LTE routers in issue were first imported into the United States from China, on or about 11/23/2018, under Consumption Entry 113-8465077-3, dated November 23, 2018, and entered fully duty paid, including Section 301 duties under subheading 9903.88.04 of the HTSUS, as products of China, at the rate of 10% ad valorem.

12. On or around January 21, 2020, the subject LTE routers, identified as item code MR1100-2A1NAS and MFG PN# 81D69N31, were exported from the Port of Los Angeles, CA

by Plaintiff to Wistron NeWeb Service (Kunshan) Corp in China for the sole purpose of being repaired or altered.

13. The declared export value of the 4370 LTE routers (item code MR1100-2A1NAS and MFG PN# 81D69N31) was $50 each, for a total export value of $218,500.00.

14. The repairs/alterations consisted of disassembly and uploading new software for LTE ROUTER, D69N3, 107-11387-01 _v03, and re-assembly.

15. During the repair/alteration process, two LCD panels were cracked and were replaced, at a total cost of $11.58.

16. The value of the repairs/alterations of the 4370 LTE routers was $8.65 per unit x 4370 units, or a total value of $37,800.50.

17. The total value of the 4370 LTE routers was $256,312.08.

18. During the repair process of the subject LTE routers, it was determined that 656 lithium-ion battery packs that were part of the LTE routers and exported therewith (for emergency backup power) were also replaced due to evidence of decay.

19. The value of the 656 lithium-ion battery backs was $7.90 per unit x 656 units, or a total value of $5,182.00.

20. The total price paid to Wistron by Plaintiff was $42,994.08.

21. The LTE routers with new software and replacement lithium-ion battery backs were imported back to the U.S. on May 6, 2020, under customs entry 113-8841055-4.

**Counts 22 through 32**

Counts 1-21 are incorporated by reference:

22.　The imported LTE routers are properly classifiable under subheading 9802.00.50, HTSUS, as "[a]rticles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture of other means: [a]rticles exported for repairs or alterations: [r]epairs or alternations made pursuant to a non- warranty" agreement.

23.　The operations performed in China, as described in paragraphs 14 through 18, on the subject merchandise identified in paragraph 6, and as further described herein, are repairs and/or alterations within the meaning of subheading 9802.00.50, HTSUS.

24.　To be eligible for entry under subheading 9802.00.50, HTSUS, the imported merchandise must comply with the requirements of 19 C.F.R. § 10.8.

25.　The required documents under 19 C.F.R. § 10.8 include: (1) a declaration from the person who performed such repairs or alterations, and (2) a declaration by the owner, importer, consignee confirming that such articles were exported from the United States for repairs or alterations and without benefit of drawback; and that the articles entered in their repaired or altered condition are the same articles that were exported.

26.　On October 1, 2021, Wistron NeWeb Service (Kunshan) Corp provided a shipper's declaration, consistent with the requirements of 19 C.F.R. § 10.8, certifying that the articles in issue were the same articles that were imported, repaired or altered and exported by Wistron NeWeb Services.

27. The shipper declaration further stated that the full cost or value of repairs or alterations totaled $37,812.08; and that the total value of the articles after repairs or alterations was $256,312.08.

28. The shipper declaration signed by Wistron NeWeb Services further stated that 656 lithium-ion battery packs were replaced in the LTE routers.

29. The shipper declaration signed by Wistron NeWeb Services further stated the full cost or charge for the replacement battery packs was $5,182.00.

30. On June 6, 2022, Kelly Nakamura, V.P. of Tax at Plaintiff, Netgear, executed a declaration as the owner, importer, consignee confirming that such articles were exported from the United States for repairs or alterations without benefit of drawback; and that the articles entered in their repaired or altered condition are the same articles that were exported.

31. The change in software to the LTE routers did not destroy the essential characteristics or change the identity of the LTE routers.

32. The additional duties imposed by subheading 9903.88.04 do not apply to goods for which entry is properly claimed under a provision of Chapter 98 of the HTSUS, except for goods eligible for entry under heading 9802.00.50. For heading 9802.00.50, additional duties assessed pursuant to Section 301 of the U.S. Trade Act of 1974 (Public Law 93–618, 19 U.S.C. § 2411) apply only to the value of repairs, alterations, or processing performed in China, as described in the applicable heading.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment and findings in its favor:

1. Overrule Defendant's denial of its protest.

2. The LTE routers imported by Plaintiff and exported on or around January 21, 2020, and then re-imported on or about May 5, 2020, under CE 113-8841055-4, dated May 6, 2021, qualify for entry under subheading 9802.00.50, HTSUS.

3. The entered value of the LTE routers exported on or around January 21, 2020, and re-imported on or about May 5, 2020, under CE 113-8841055-4, dated May 6, 2021, for purposes of subheading 9802.00.50 is $50 each, for a total declared line value of $218,500.00.

4. The entered value of the LTE routers exported on or around January 21, 2020, and re-imported on or about May 5, 2020, under CE 113-8841055-4 of May 6, 2021, for purposes of subheading 8517.62.0020, HTSUS, and 9903.80.04, HTSUS, is the value of the repairs or alterations at $8.65 per unit, for a total repair charge of $37,812.08.

5. The entered value of the replacement Li Batteries the LTE routers exported on or around January 21, 2020, and re-imported on or about May 5, 2020, under CE 113-8841055-4 of May 6, 2021, is $7.90, for a total of $5,182.

And FURTHER, Order Defendant to:

6. Reliquidate the entry with the subject merchandise under subheading 9802.00.50 HTSUS, duty free, with a declared value of $218,500.00.

4869-5629-5350, v. 1

7. Reliquidate the entry for the batteries, repairs and or alterations under subheadings 8517.62.0020 and 9903.80.04 at a declared value of $42,994.08 ($5,182 + $37,812.08), at the rates of duty in effect at the time of entry.

8. Refund the over-assessment of any Merchandise Processing Fees and/or Harbor Maintenance Fees, with interest, as provided by law.

9. Refund to Plaintiff the over payment of Section 301 duties on the over declared value of the imported merchandise, less the amount of Section 301 duties owed on the actual amount paid by Plaintiff for the batteries, repairs and/or alterations described herein (in paragraphs 14 through 19) with interest, as provided by law,

and for such other and further relief as the Court deems just.

Respectfully Submitted,

/s/George R. Tuttle, III
George R. Tuttle, III
Law Offices of George R. Tuttle, A.P.C.
3950 Civic Center Drive, Suite 310
San Rafael, CA 94903
Tel. (415) 986-8780
Email: geo@tuttlelaw.com

Attorney for Plaintiff Netgear Inc.

Dated: April 26, 2024

4869-5629-5350, v. 1